IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENISE M. EADDY<br>500 Eddy Road<br>Cleveland, Ohio 44108<br><br>        Plaintiff,<br><br><br><br><br>        vs.<br><br>THE CITY MISSION<br>C/O Richard Trickel-Statutory Agent<br>Chief Executive Officer<br>5310 Carnegie Avenue<br>Cleveland, Ohio 44103-1360<br><br>        Defendant. | CASE No.<br><br>JUDGE<br><br>COMPLAINT<br><br>(Jury Demand Endorsed Hereon) |

## I. NATURE OF ACTION

This is an action brought under Title VII of the Civil Rights Acts of 1964 as amended, 42 U.S.C. § 2000 et seq., 42 U.S.C. § 2000e-2(c), and 2000e-5(k), the Civil Rights Act of 1991, as amended, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § § 621-634 as Amended (ADEA) and R.C. § 4112.01 et seq. to correct unlawful employment practices based upon race, sex and age because of demotion from management position, discipline and retaliation resulting in the elimination of the essential duties and responsibilities of the position to which she was demoted causing her to sustain anxiety and emotional distress, loss of pay status thus entitling Plaintiff to back-pay and front-

pay and any other relief to which this Court determines Plaintiff is entitled, according to law.

*COMES NOW Plaintiff,* Denise M. Eaddy ("Plaintiff") by and through counsel, brings this *Complaint* for unlawful employment discrimination based upon her membership in the protected classes of race, African American, sex, female and age, 55. These discriminatory actions resulted in her demotion from her position as *Program Manager of Laura's Home* replacement with a White male, under age 40, pretextual discipline, and the subsequent elimination of the essential duties and responsibilities of her position as *Development Associate-Fund Raising* and pay discrimination, in retaliation for her having engaged in protected activity against *Defendant The City Mission*.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 451, 1331, 1332, 1337 and 1343(4). This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967, as Amended (ADEA). Jurisdiction is also invoked pursuant to this Court's pendant jurisdiction with respect to the claims based on the common and statutory law of the State of Ohio, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as her state law claims are closely related to her federal claims.

### III. PARTIES-INTRODUCTION

2. Plaintiff is a citizen of the United States and resident of the City of Cleveland, Cuyahoga County, and the State of Ohio.

3. Plaintiff, an African American female, who is 55 years old, has been employed by Defendant, The City Mission ("Defendant City Mission") in various positions since 2008 and most recently as Development Associate-Fundraising, as of February 5, 2018.

4. Defendant City Mission is a non-profit corporation organized under the laws of the State Of Ohio, with its principle place of business in City of Cleveland, Cuyahoga County and the State of Ohio whose mission is providing assistance to men, women and children, in crisis in northeast Ohio regarding housing, homelessness and other related services.

5. At all times relevant herein, Linda Uvegas, a White Female, held the position of Manager ("L. Uvegas"), Jamie Swain, a White female, held the position of HR Director ("Swain"), and Michele Krampitz, a White female, held the position of Chief Development Officer ("Krampitz").

6. At all times relevant herein, L. Uvegas, Swain and Krampitz were acting within the course and scope of their employment for Defendant City Mission and as a result, Defendant City Mission is liable for their conduct and/or omissions under the doctrine of Respondeat Superior.

7. At all times relevant herein, Richard Trickel ("Trickel"), a White male, was the Chief Executive Officer of Defendant City Mission and was acting with the course and scope of his employment for Defendant City Mission and as a result, Defendant City Mission is liable for his conduct and/or omissions under the doctrine of Respondeat Superior.

IV. PROCEDURAL REQUIREMENTS

8. Plaintiff filed a Charge of Discrimination ("Charge"), thus satisfying the requirements of 42 USC § 2000e-5(b) and (e) with the Equal Employment Opportunity Commission. Such Charge was filed within 300 days after the unlawful employment practices occurred. On or about October 30, 2019, less than ninety (90) days prior to the filing of this Complaint, the EEOC issued to Plaintiff a *Notice of Suit Rights* with respect to the Charge. (See Exhibit A).

V. STATEMENT OF FACTS

9. Plaintiff incorporates by reference each and every allegation, averment and statement set forth, herein above, in paragraph nos. one (1) through eight (8), as if fully restated, herein below, and states further as follows.

10. Plaintiff commenced her employment with Defendant City Mission, in 2008, in the position of Development Associate-Fundraising.

11. In February 2017, Plaintiff' was promoted to the position of Assistant Program Manager of Laura's Home.[1]

12. Plaintiff received on the job training for the Assistant Program Manager position, for approximately two (2) months, from Pamela Glicker ("Glicker"), a former Program Manager of Laura's Home who had been separated from Defendant City Mission, for nearly five (5) years.

13. When Plaintiff was promoted to Assistant Program Manager, she was advised by Defendant City Mission, Manager, L. Uveges and C.E.O. Trickel that when both of

---

[1] Laura's Home is a residential center for women and children in crisis relating to homelessness and domestic violence.

them and Glicker determined that her training was complete, she would be promoted to the position of Program Manager of Laura's Home.

14. In April 2017, when Plaintiff was promoted to the position of Program Manager of Laura's Home. The promotion was accompanied by a salary of $50,000.00, and the assignment of L. Uveges as Plaintiff's Manager.

15. L. Uveges told Plaintiff to "take the year to learn the facility" thereafter L. Uveges' communication and contact with Plaintiff was limited and their meetings were infrequent.

16. Plaintiff was concerned about the limited communication, contact, and lack of supervision she was receiving from L. Uveges. Plaintiff was especially concerned that L. Uveges' performance expectations for her (Plaintiff) had not been communicated directly to her, so she reached out to H.R. Director Swain, who failed to provide any meaningful support or direction.

17. During the period April 2017 through December 2017, Plaintiff received no negative information and/or feedback from L. Uveges regarding her job performance as the Program Manager of Laura's Home.

18. In December 2017, Abby Uveges ("A. Uveges"), was the safety and security supervisor of Laura's Home and reported to Plaintiff.[2]

19. A. Uveges, without Plaintiff's knowledge, planned and scheduled a New Year's Eve party, on December 31, 2017, for the residents of Laura's Home and Defendant City Mission's security staff.

---

[2] Abby Uvegas is the daughter of Plaintiff's Manager Linda Uvegas.

20. It subsequently came to Plaintiff's attention that children and adult residents of Laura's Home began fighting at the New Year's Eve party creating a risk of harm for the safety of the residents and Defendant City Mission staff.

21. After Plaintiff learned of the activities referenced in ¶ 20, she immediately reported it to Defendant City Mission management, and CEO Trickel ordered her to conduct an investigation, regarding what had occurred at the party.

22. Before Plaintiff could complete her investigation, CEO Trickel called her and A. Uveges into his office and after hearing the unfinished details of the investigation, became verbally abusive in expressing his dissatisfaction about the findings presented to him regarding what occurred at the party.

23. During the meeting with CEO Trickel, A. Uveges accepted full responsibility for the party and told him that she had planned it and that Plaintiff had no knowledge whatsoever about it. This information had also been sent by email to Swain.

24. While A. Uveges, a White female, planned the party, she received no discipline for planning the party or for what occurred at the party. However, A. Uveges' subordinates received the following discipline: one (1) security officer, an African Female, was terminated; another security officer, an African American, female, was suspended for three (3) days; two (2) security officers, who are African American females, received written warnings; and another security officer, an African American female received a verbal warning.

25. After the meeting with CEO Trickel, on January 25, 2018, Swain and L. Uvegas, advised Plaintiff that she was being demoted from her position as the Program Manager of Laura's Home for pretextual performance related reasons and returned to her position as Development Associate-Fundraising.

26. Plaintiff's salary was reduced from $50,000.00 to $35,000.00 when she was demoted to her former position of Development Associate-Fundraising.

27. On or about August 9, 2018, Michael Hahn, a White male, under the age of 40, was placed in Plaintiff's position as Program Manager of Laura's Home, and on November 4, 2018, Plaintiff filed EEOC Charge Of Discrimination No. 532-2018-02492, against Defendant City Mission.

28. After Plaintiff was demoted to her former position of Development Associate, Krampitz, began eliminating essential functions of Plaintiff's position and, in fact, restructured the position. Most recently, in April 2019, Krampitz advised Plaintiff that she was giving the Running With A Mission Run ("RWAR") event to Heather Foote[3], who had no experience or involvement with the RWAR or other Defendant City Mission fundraising efforts in previous years.

29. On information and belief, there are no organizational salary bands in effect for Defendant City Mission employees. However, in September 2019, Swain advised Plaintiff that she would not be eligible for any increase in salary or annual cost of living increase due to an alleged organizational salary band.

<u>COUNT ONE-DEMOTION-RACE DISPARATE TREATMENT</u>
42 U.S.C. § 2000e-2

30. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through twenty-nine (29), as if fully restated, herein below, and states further as follows.

31. Plaintiff was demoted as a result of the New Year's Eve party planned without the knowledge or consent of Plaintiff. This demotion was pretextual and in actuality based

---

[3] Heather Foote is the daughter of CEO Trickel.

7

upon Plaintiff's race as the person who planned the party, who is White and other White similarly situated employees of Defendant City Mission such as A. Uveges was not demoted and/or disciplined.

32. As a result of the unlawful and discriminatory conduct of Defendant City Mission employees Swain and L. Uveges and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues", in violation of 42 U.S.C. § 2000e-2, she has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

COUNT TWO-DEMOTION RACE DISPARATE TREATMENT
R.C. § 4112 et seq.

33. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through thirty-two (33), as if fully restated, herein below, and states further as follows.

34. Based upon the unlawful and discriminatory conduct of Defendant City Mission employees Swain, L. Uveges and C.E.O Trickel, in violation of R.C. § 4112 et seq., as set forth, herein above, in ¶¶ nos. 30-32, Plaintiff was demoted and has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

COUNT THREE-DEMOTION-SEX DISPARATE TREATMENT
42 U.S.C. § 2000e-2

35. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through thirty-four (34), as if fully restated, herein below, and states further as follows.

36. Plaintiff an, African American, female was demoted from her position as the Program Manager of Laura's Home, on January 25, 2018, by Defendant City Mission employees Swain, L. Uveges and C.E.O Trickel for discriminatory pretextual "performance issues" and the demotion became effective on February 5, 2018.

37. On or about August 9, 2018, Michael Hahn, a male, was placed in Plaintiff's position of Program Manager of Laura's Home.

38. As a result of the unlawful and discriminatory conduct of Defendant City Mission employees Swain, L. Uvegas and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues," and her being replaced by Michael Hahn, a male, in violation of 42 U.S.C. § 2000e-2, she has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

COUNT FOUR-DEMOTION-SEX DISPARATE TREATMENT
R.C. § 4112 et seq.

39. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through thirty-eight (38), as if fully restated, herein below, and states further as follows.

40. As a result of the unlawful and discriminatory conduct of Defendant City Mission employees Swain, L. Uvegas and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues", and her being replaced by Michael Hahn, a male, in violation of R.C. § 4112 et seq., as set forth, herein above, in ¶¶ nos. 35-38, she has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

## COUNT FIVE-DEMOTION-AGE DISPARATE TREATMENT
ADEA

41. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through forty (40), as if fully restated, herein below, and states further as follows.

42. Plaintiff who was age 55 and was demoted from her position as the Program Manager of Laura's Home, on January 25, 2018, by Defendant City Mission employees Swain, L. Uveges and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues", and the demotion became effective on February 5, 2018.

43. On or about August 9, 2018, Michael Hahn, who at the time was substantially less than 40 years of age, was placed in Plaintiff's position of Program Manager of Laura's Home.

44. As a result of the unlawful and discriminatory conduct of Defendant City Mission employees Swain, L. Uveges and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues", and her being replaced by Michael Hahn, who was substantially less than 40 years of age, in violation of the ADEA, she has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

## COUNT SIX-DEMOTION AGE DISPARATE TREATMENT
R.C. § 4112 et seq.

45. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through forty-four (44), as if fully restated, herein below, and states further as follows.

10

46. As a result of the unlawful and discriminatory conduct of Defendant City Mission employees Swain, L. Uvegas and and C.E.O Trickel in demoting Plaintiff for discriminatory pretextual "performance issues", and her being replaced by Michael Hahn, who was substantially less than 40 years of age, in violation of the R.C. § 4112 et seq., as set forth, herein above, in ¶¶ 41-44, she has sustained lost wages for back-pay and front-pay and compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

## COUNT SEVEN-RETALIATION
R.C. § 4112 et seq.

47. Plaintiff incorporates by reference each and every allegation, avernment and statement set forth, herein above, in paragraph nos. one (1) through forty-six (46), as if fully restated, herein below, and states further as follows.

48. In April 2019, Defendant City Mission employee Krampitz subjected Plaintiff to unlawful retaliation by eliminating an essential function of her position, specifically the RWAR event and giving the event to Heather Foote because she had engaged in protected activity by filing a Charge Of Discrimination against Defendant City Mission, on November 4, 2019, in violation of R.C. § 4112 et seq.

49. In September 2019, Defendant City Mission employee Swain subjected Plaintiff to unlawful retaliation when she advised her that she would not be eligible for any increase in salary or annual cost of living increase due to an alleged organizational salary band because she had engaged in protected activity by filing a Charge Of

Discrimination against Defendant City Mission, on November 4, 2019, in violation of R.C. § 4112 et seq.

50. As a result of the unlawful retaliatory and discriminatory conduct of Defendant City Mission employees Krampitz and Swain, in violation of R.C. § 4112 et seq. Plaintiff has sustained compensatory damages for anxiety, humiliation, embarrassment, and emotional distress, in an amount greater than $25,000.00 to be proven at trial.

**WHEREFORE,** Plaintiff, Denise Eaddy, prays that this Court enter judgment on her Complaint, in her favor and against Defendant City Mission, as follows:

1. On Count One, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

2. On Count Two, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

3. On Count Three, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

4. On Count Four, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

5. On Count Five, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

6. On Count Six, re-instatement to the position of Program Manager of Laura's Home, with back-pay and front-pay, and compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

7. On Count Seven, compensatory damages, in an amount greater than $25,000.00, to be determined at trial;

8. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

9. Any and all other relief that this Honorable Court determines is appropriate and just.

Respectfully submitted,

/s/Robert Smith, III
Robert Smith, III (0025381)
**Law Offices of Robert Smith, III, LLC**
2000 Auburn Drive
One Chagrin Highlands, Suite 200
Beachwood, Ohio 44122
T: (216) 378.2950/F: (216) 378.7505

E-mail: robert.smith@rs3law.com

Attorney for Plaintiff
Denise Eaddy

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. P. 38 (b).

                                                  /s/Robert Smith, III
                                                  Attorney for Plaintiff
                                                  Denise M. Eaddy